UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RACEDAY CENTER, LLC,               )
                                   )
v.                                 )    NO.: 2:11-CV-17
                                   )
RL BB FINANCIAL, LLC., ET AL.      )

ORDER

This matter is before the Court to consider the Report and Recommendation ("RR") of the United States Magistrate Judge dated March 21, 2013, [Doc. 211]. In that RR, the Magistrate Judge recommends that the RaceDay Center, LLC's ("RaceDay") motion for summary judgment, [Doc. 159], be granted. RL BB Financial, LLC ("RL BB") and Rialto Capital Advisors of New York, LLC's ("Rialto") filed objections to this recommendation, [Doc. 214].[1] Several responses and supplements have been filed by the parties, and the Court has read and considered them all. *See* [Docs. 221, 225, 228, 230, 252, 279, 295 and 301].[2]

RL BB and Rialto raised two new arguments in their objections; these arguments were not made before the magistrate judge. These include: (1) whether a dismissal of RL BB and Rialto's counterclaim would violate the Open Courts Clause of the Tennessee Constitution, and (2) whether adoption of the RR should be limited to standing. In other words, what are the practical implications from granting the summary judgment motion? This Court will not address the former argument that was raised for the first time in the objection. *See Murr v. United States*,

---

[1] The parties filed a Stipulation of Dismissal as to Branch Banking and Trust Company ("BB&T"), [Doc. 343]. Thus, BB&T is no longer part of this litigation.

[2] This Court has considered all cases and authority cited in these subsequent filings as well as other authority based on its own research. None persuade this Court to reach a conclusion different than the one reached by the magistrate judge. This Court still relies upon its prior ruling in *King v. Midland Funding LLC*, No. 2:11-CV-120 (E.D. Tenn. Aug. 30, 2012), and it respectfully disagrees with the reasoning in *Robinson v. Sherman Financial Group, LLC, et al.*, No. 2:12–CV–30 (E.D. Tenn. July 31, 2013).

200 F.3d 895, 902 n. 1 (6th Cir. 2000) (stating a party waives the issue if it is raised for the first time in the objections to a magistrate judge's RR). However, out of necessity on how the lawsuit proceeds, this Court must address the latter argument.

RL BB and Rialto are correct in that the RR is unclear as to the actual relief recommended. What is clear is that the magistrate judge recommends that the summary judgment motion should be granted. Thus, the question now becomes whether it is a dismissal on the merits, whether it is a dismissal without prejudice, or whether the case should be stayed until a license can be obtained.

It is true that section 62-20-105(a) states that a license must be obtained prior to commencing, conducting or operating a "collection services business." Tenn. Code Ann. § 62-20-105(a). Of course, commencing a legal action is one tool used in seeking to collect on the indebtedness. Thus, according to the plain language of the statute, this type of collection activity is not allowed without a license. Nonetheless, RL BB and Rialto did not initiate the action. They only brought their action as a compulsory counterclaim. They had to assert their action at that time regardless of whether they held a license or risk waiving a potentially valid breach of contract claim.[3] Given this set of facts, it would be inequitable to dismiss the claim with prejudice without a chance to cure. Moreover, this Court is acting consistently with the Sixth Circuit's "preference for deciding cases on the merits." *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003). In this situation, the Court finds that justice is better served by staying the action to allow for licensure and then for the case to proceed in determining the breach of contract and other issues.

---

[3] Even RaceDay does not dispute that it defaulted on the loans held by BB&T. RaceDay does not dispute the Security Agreement and its perfection as to BB&T. RaceDay has disputed the assignment of such rights to RL BB and Rialto.

In addition, Tennessee law has allowed for such stays in similar situations. Tennessee Code Annotated section 48-25-102(c) states, "A court may stay a proceeding commenced by a foreign corporation, its successor, or assignee until it determines whether the foreign corporation or its successor requires a certificate of authority. If it so determines, the court may further stay the proceeding until the foreign corporation or its successor obtains the certificate." Tenn. Code Ann. § 48-25-102(c) (2013). The parties have not cited and this Court has not found any cases treating the TCSA similarly to section 48-25-102(c). However, considering the particular facts in this case, this Court will treat the situations similarly.

Finally, dismissing without prejudice would be a waste of resources, considering the amount of time and work the parties and the Court have spent on this litigation. For this reason too, it is in the interests of justice that the case be stayed.

Accordingly, after careful consideration of the record as a whole, and after careful *de novo* consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that the objections are OVERRULED, that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 211], that the motion for summary judgment, [Doc. 159], is GRANTED. As discussed above, the case is hereby STAYED until RL BB and Rialto can obtain the appropriate licensure. As such, the trial, final pretrial conference, the August 23, 2013 motion hearing before the magistrate judge, and other deadlines are CANCELLED.[4] These deadlines will be reset once RL BB and Rialto have notified this Court that they have obtained the appropriate licenses. Failure to cure this defect in a timely manner,

---

[4] This Court will enter a separate order addressing the Motion for Summary Judgment, [Doc. 135], on the same issue in case number 3:11-CV-49. That order will also address the status of that case's trial, hearings and deadlines.

however, could result in a dismissal of the counterclaim. RL BB and Rialto shall file a status report with the Court with respect to the status of licensure not later than November 15, 2013.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE